EMPIRE PLEXIGLASS CORP., Landlord, *v.* ENTERPRISE INDUSTRIES, INC., Tenant.*

Municipal Court of the City of New York, Borough of The Bronx, December 23, 1947.

---

* See, also, *Empire Plexiglass Corp.* v. *Enterprise Industries*, 191 Misc. 58; *147 East 86th St.* v. *Yaeger*, 190 Misc. 458.—[REP.

*Albert W. Fribourg* for landlord.

*Nathan Greenberg* for tenant.

Loreto, J. This summary proceeding presents two questions of first impression. It concerns the fixation pursuant to the Commercial Rent Law of the emergency rent by agreement between the parties of commercial space which was not rented and occupied on the freeze date. The first question is what are the essential requirements of such an agreement and the second, may the court inquire into the reasonableness of the rent so fixed.

The testimony shows that the landlord herein, by lease made in February, 1946, leased from the owner the said premises, known as 2638 Park Avenue and 329 Canal Place, The Bronx, New York City, consisting of a three-story brick building, a two-story extension in the rear thereof and a one-story building having an entrance on Canal Place. That lease is for a term of twenty-one years, commencing April 1, 1946, and provides for a net annual rental of $3,900.

Thereafter, having made some improvements for the benefit of the assignor of the tenant herein, by a sublease made in

April, 1946, the landlord rented to the tenant's assignor, a portion of said premises comprising 4,200 square feet on the main floor and 500 square feet of the basement in the three-story building. This sublease is for a term of five years beginning May 1, 1946, and provides for an annual rent of $4,200. Its paragraph 29 reads: " Pursuant to Chapter 3 of the Laws of 1945, as amended, all of the parties hereto, either personally or through their accredited representatives, have examined the rents being charged for premises comparable to the premises herein rented and have made inquiries as to the amount charged for such premises on the 1st day of March 1943, and after such examination and the consideration of other relevant evidence, the parties hereto agree that the reasonable rent for the premises herein rented as of the 1st day of March, 1943 was $4,200 per annum."

There is a similar provision as the foregoing in the main lease. Both authorize the use of the premises for any lawful business.

This proceeding is brought to recover the unpaid rent for the four months of August to November, 1947, inclusive, amounting to $1,400. The defense interposed is that the rent sought is unreasonable, excessive and unlawful. Specifically, that it is in violation of the Emergency Rent Law. The court refused to permit the tenant to go behind the agreement set forth in paragraph 29 of the sublease when it attempted to do so in support of its defense.

Where commercial space was used or occupied on the freeze date, a rental in excess of the emergency rent may be fixed by agreement between the parties. The Commercial Rent Law (L. 1945, ch. 3, § 4, as amd.) in such an instance prescribes the requisite elements to be contained in such an agreement. And it has been held that such an agreement need not be set forth in a separate instrument, but may be set forth in the lease between the parties.

And where commercial space was not used or occupied on the freeze date, under subdivision (e) of section 2, the statute also provides that an emergency rent may be fixed by agreement between the parties. In such a case, the statute is silent as to what the agreement should contain. It states: " ' Emergency rent.' The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent; provided that if the commercial space was not used or occupied on such date for commercial purposes, the emergency

rent shall be the reasonable rent therefor as of such date, plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable commercial space in the same building, or other rental area, or other satisfactory evidence; * * *."

Neither the statute nor court decisions afford any help in determining what the contents of an agreement under this section should be. Nor has the question been passed upon as to whether the court may inquire into the reasonableness of the rent fixed pursuant thereto by agreement of the parties. True, it has been held that the mere stipulation of rental in the lease between the parties is not an agreement fixing the emergency rent within the meaning of this section of the statute. (*Flo-Ru-Na, Inc.,* v. *Zimmerman,* 185 Misc. 759.) How much or how little may be necessary for such an agreement, this court need not now state. Suffice it to say that in the opinion of the court the agreement incorporated in the lease between the parties herein satisfies the statute. It sets forth in the language of the statute that the parties considered all the criteria therein specified in arriving at their agreement.

Under both aforesaid sections of the law, three methods are provided for fixing the rent, i. e., by agreement, arbitration or the court. If fixed by the court, its decision clearly would be final. If fixed by arbitration, the determination of the arbiters, if not assailed because of disqualification, fraud or similar reason, would likewise be final. And where the parties chose themselves to be the arbiters for this purpose instead of selecting third parties to act in their behalf, having made a valid agreement, their determination will likewise stand as final. To rule otherwise would logically justify a judicial inquiry, both in the case where an arbitration was held as where an agreement of the parties was made, as to the factors considered in arriving at the fixed rental in both cases. This is not authorized for the statute clearly sets forth arbitration and agreement as methods alternative and conclusive, not preliminary and tentative, to court proceeding for the fixation of rent under both aforesaid sections of the statute.

The agreement herein has not been attacked for fraud, duress or mistake. It represents the firm and binding agreement of the parties. It has been held that the law never intended a secondary review by the court as to the reasonableness of a permissive rent in excess of the emergency rent fixed by the parties themselves in a firm agreement under the Business Rent

Law where the business space was not used or occupied on the freeze date. (*Roof Health Club* v. *Jamlee Hotel Corp.*, 271 App. Div. 481, affd. 296 N. Y. 883.) The Commercial Rent Law here considered has provisions with respect to the fixation of rent similar to those found in the Business Rent Law. No cogent reason appears why in the situation where the commercial space was not used and occupied on the freeze date and the parties have made a binding agreement fixing the emergency rent pursuant to subdivision (e) of section 2 of the statute, a different ruling should be made.

The tenant argues that it is required to pay more for a portion of the premises than its landlord is obligated to pay for the whole, a situation not intended to be tolerated by the statute. This contention is overruled. There are several distinguishing factors between the main lease and the sublease which do not justify the asserted conclusion. Moreover, only where the main lease has expired and the entire rental space is sublet at a profit, has it been held that the emergency rent laws were not enacted for the benefit of such persons merely in constructive possession. (*WMCA, Inc.*, v. *Blockfront Realty Corp.*, 272 App. Div. 800.) Such is not the case at bar.

Nor is there any merit to the contention of the tenant that the fixation of rent for the entire premises under the main lease barred a subsequent fixation of rent for part of said premises under the sublease. The circumstances are different. (See *Matter of Henard Realty Corp.* [*Kirsch*], 272 App. Div. 1010.)

Accordingly, a final order will be awarded to the landlord with judgment for the arrears of rent in the sum of $1,400 with interest. Five days' stay of execution.